```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

ANTONIO WILLIAMS,              }
                               }
     Plaintiff,                }
                               }     CIVIL ACTION NO.
v.                             }     09-AR-2187-S
                               }
LAKESHORE RIDGE APARTMENTS,    }
LLC, et al.,                   }
                               }
     Defendants.               }
```

## ORDER

The Eleventh Circuit no longer permits the procedural device still used routinely by judges and litigants in this court, namely, deeming an affirmative defense contained in an answer as a Rule 12(b) motion if it contains the language of Rule 12(b). In *Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1406-7 (11th Cir. 1998), the Eleventh Circuit held:

> As the first affirmative defense, the Defendant Hospital's April 26 Answer asserts that Plaintiff failed to state a claim upon which relief could be granted. No party as yet had filed a motion to dismiss. On May 5, however, the district court *sua sponte* dismissed Plaintiff's retaliation claim as not cognizable under section 1981.[2]

---

[2] The Clerk's docket sheet lists entry number 5 as an "Answer" and a "Motion 12(b)(6)"; however, number 5 is only one pleading entitled an "Answer," and no separate motion to dismiss is filed or referred to in that Answer.

Defendants filed answers on December 21, 2009, which contain what appear to be Rule 12(b) defenses. This court cannot gratuitously give a party something it has not asked for. Therefore, this court must, as of now, ignore defendants' defenses that track Rule 12(b) and must wait for **real** Rule 12(b) motions if

defendants want to assert such defenses.

DONE this 21st day of December, 2009.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE